IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| | *   **Case No. 15-6193** |
| **v.** | * |
| | * |
| | * |
| **DEMETRIUS S. WHITE** | * |
| | * |
| | * |
| **Defendant** | * |
| ************ | |

### MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's Motion to Compel Discovery Material (ECF No. 13), Defendant's Supplemental Motion to Compel Discovery Material (ECF No. 18), and the Government's Opposition to Motion to Compel (ECF No. 19). For the reasons stated below, Defendant's motions are **DENIED**.

### BACKGROUND

For the purpose of determining the issues presented, the Court assumes the following facts that are taken from the U.S. Park Police Incident Record attached to the Government's Opposition (ECF No. 19-1). On March 22, 2015, at approximately 3:16 a.m., U.S. Park Police Officer Sarah Cressman was on the scene of a motor vehicle accident on the Baltimore-Washington Parkway. Officers on the scene had shut down the right travel lane of the Parkway with marked police cruisers. While the right lane was shut down, Officer Cressman observed a vehicle drive straight at one of those cruisers. Officer Cressman yelled and waved to stop the vehicle. Once the vehicle stopped, Officer Cressman approached it. Defendant was the driver. He appeared to be disoriented, and an odor of alcohol was emanating from the vehicle.

Defendant admitted to Officer Cressman that he had two drinks that night. Officer Cressman asked Defendant to step out of the vehicle. When he did, he stumbled and had difficulty walking. Officer Cressman noticed that Defendant's eyes were red, watery, and bloodshot. She also noticed a strong odor of alcohol coming from Defendant's person. Officer Cressman placed Defendant under arrest after he performed poorly on two field sobriety tests. Defendant was charged with driving under the influence of alcohol, driving with a blood alcohol concentration of .08 or more, and unsafe operation. Defendant disputes the charges and the basis for the stop.

Defendant requests an order compelling the Government to produce the following documents: (1) a list of all police officers present at the scene of the accident; (2) any field notes taken by these officers; (3) all computer assisted dispatch ("CAD") records related to the accident; and (4) the accident report. Defendant avers that the requested documents are either in the Government's possession or readily available to the Government, and are discoverable under Fed. R. Crim. P. 16(a)(1)(E)(i) because they are material to preparing his defense.[1] The Government responds that the requested documents are not within its possession, custody, or control and that, significantly, even if they were, they do not fall within the scope of Rule 16 because they fail to satisfy the materiality requirement of that rule.

---

[1] Defendant also summarily argues that much of the requested information is required to be furnished under the Jencks Act. 18 U.S.C. § 3500. The Jencks Act provides that,

> [i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

*Id.* § 3500(a). Defendant's reliance on the Jencks Act is premature, however, as trial has not yet commenced.

## DISCUSSION

It is widely recognized that discovery in federal criminal cases is much more limited than discovery in federal civil cases.  *See Degen v. United States*, 517 U.S. 820, 825-26, 116 S. Ct. 1777, 1781-82 (1996) (contrasting civil and criminal discovery, noting that "[a] criminal defendant is entitled to rather limited discovery"); *United States v. Warshak*, 631 F.3d 266, 275 (6th Cir. 2010) ("The discovery afforded by Federal Rule of Criminal Procedure 16 is limited to the evidence referred to in its express provisions . . . ."); *United States v. Pope*, 613 F.3d 1255, 1259-60 (10th Cir. 2010) ("After all, unlike their civil counterparts, criminal proceedings have no extensive discovery . . . requiring both sides to lay their evidentiary cards on the table before trial."); *Sock v. Trombley*, No. 05-CV-70379-DT, 2006 WL 2711506, at *21 (E.D. Mich. Sept. 20, 2006), *aff'd*, 289 F. App'x 107 (6th Cir. 2008).  Federal Rule of Criminal Procedure 16(a)(1)(E) provides:

> **(E) Documents and Objects.**  Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> **(i)** the item is material to preparing the defense;
> **(ii)** the government intends to use the item in its case-in-chief at trial; or
> **(iii)** the item was obtained from or belongs to the defendant.

In support of his position, Defendant relies on the opinions of the D.C. Circuit Court of Appeals in *United States v. Marshall*, 132 F.3d 63 (D.C. Cir. 1998), and the Fourth Circuit Court of Appeals in *United States v. Caro*, 597 F.3d 608 (4th Cir. 2010).  In *Marshall*, the defendant, Marlon Marshall, was convicted of distributing more than five grams of crack cocaine.  One of the facts that the government sought to prove at trial was that Marshall was an acquaintance of Sabrina Shorter.  The government sought to introduce jail visitation records into evidence

showing that Ms. Shorter visited Marshall while he was incarcerated awaiting trial. These records were not produced by the government before trial. Marshall objected on the ground that the jail visitation records had not been timely disclosed as required by Fed. R. Crim. P. 16. Although the district court ruled that the jail visitation records were material to the preparation of Marshall's defense, and thus potentially subject to disclosure under Rule 16, it held that Marshall was not prejudiced by the late disclosure of the records, and declined to exclude them. Marshall appealed. On appeal, the D.C. Circuit agreed that the records were material to the preparation of Marshall's defense under Rule 16. It rejected the government's argument that evidence must be helpful to the defendant or exculpatory for it to be "material" under Rule 16. The appellate court interpreted the materiality requirement of Rule 16 more broadly. It observed that the government must disclose Rule 16 evidence only if such evidence "enable[s] the defendant significantly to alter the quantum of proof in his favor." *Marshall*, 132 F.3d at 68 (alteration in original) (quoting *United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996), *cert. denied*, 519 U.S. 1132, 117 S. Ct. 993 (1997)). The court stated:

> But this language does not mean that inculpatory evidence may never be material. To the contrary, a defendant in possession of such evidence may "alter the quantum of proof in his favor" in several ways: by preparing a strategy to confront the damaging evidence at trial; by conducting an investigation to attempt to discredit that evidence; or by not presenting a defense which is undercut by such evidence.

*Id.* It also noted language from it prior opinion in *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993), where it said that evidence is material under Rule 16 "as long as there is a strong indication that it will 'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" Although the D.C. Circuit agreed with the district court and also found that the jail visitation records were material to the preparation of Marshall's defense under Rule 16, it affirmed his conviction,

holding that, to the extent the government's Rule 16 violation caused Marshall any prejudice, the district court did not abuse its discretion in allowing the records into evidence because it had given Marshall a continuance to reconsider his trial strategy in light of the evidence.

The Fourth Circuit cited *Marshall* in its opinion in *Caro*, 597 F.3d at 621 n.15. The Fourth Circuit, however, declined to adopt Marshall's broad interpretation of the Rule 16 materiality requirement, but instead gave it a more restricted interpretation. In *Caro*, the Fourth Circuit addressed the threshold showing required regarding the discoverability of material in a criminal case. There, the defendant, Carlos David Caro, was convicted by a jury of the premeditated murder of his cellmate while he was serving a thirty-year sentence at the United States Penitentiary in Jonesville, Virginia. The government sought the death penalty. One of the non-statutory aggravating factors that the government sought to prove during the penalty phase of the case was Caro's future dangerousness to other people, including inmates. In response, Caro hired a risk-assessment expert to testify that Caro would be unlikely to endanger anyone during a life sentence because the Bureau of Prisons ("BOP") would adequately secure Caro until concluding that he was no longer dangerous. The government planned to have the former warden of the BOP's most secure facility, the Administrative Maximum United States Penitentiary in Florence, Colorado ("Florence ADMAX"), testify that Florence ADMAX could not fully secure Caro and that the BOP likely would transfer him to another facility about three years after his arrival. In order to assist his expert, Caro requested information from BOP records relating to whether inmates like Caro were housed at Florence ADMAX, how well Florence ADMAX prevented violence, and when inmates like Caro were normally transferred from Florence ADMAX to other less secure facilities. The government denied Caro's request, and Caro filed motions to compel the government to produce the information, citing, *inter alia*,

Rule 16(a)(1)(E). The district court denied Caro's motion. In his appeal to the Fourth Circuit, Caro challenged that ruling.

In considering the materiality requirement of Rule 16(a)(1)(E), the Fourth Circuit stated: "For the defendant to show materiality under this rule, '[t]here must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor.'" *Caro*, 597 F.3d at 621 (alteration in original) (quoting *United States v. Ross*, 511 F.2d 757, 763 (5th Cir.), *cert. denied*, 423 U.S. 836, 96 S. Ct. 62 (1975)). The Fourth Circuit also cited the same language from *Lloyd* as was cited by the D.C. Circuit in *Marshall* and recited above. The Fourth Circuit noted, however, that the district court denied Caro's motion upon finding no indication that the information requested by Caro would support his expert's testimony. Most important, the Fourth Circuit noted that "[t]he information was relevant to future dangerousness and *might* have allowed" the expert "to formulate more reliable opinions about Caro and to test various government allegations," but that "Caro presented no facts whatsoever indicating that the information would have *actually* helped prove his defense." *Id.* (emphasis added). Further, the Fourth Circuit noted the following language from the Ninth Circuit's opinion in *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990): "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense."

The Fourth Circuit thus requires the defendant to present facts showing that the requested information will actually help prove his defense, not merely that it might help prove his defense. Clearly, it would be "helpful" to a defendant to have as much information about his case as possible, favorable or exculpatory (so he can use it to his advantage), unfavorable or inculpatory

6

(so he can avoid or confront it), or neutral. Although the requested material may be helpful to the defendant in his trial preparation, *Caro* puts the burden on the defendant at this stage of the case to come forward with facts indicating that the information requested will actually help him prove his defense, not merely that it might help him.

Here, Defendant disputes that he was driving in a dangerous manner and that Officer Cressman had a reasonable basis to stop him. He argues that the accident report and witness list are necessary to assist in witness preparation, impeachment, rebuttal, and the discovery of corroboration evidence and other admissible evidence. He asserts that, because he was not driving in a dangerous manner, he "expects" that eyewitnesses would corroborate and support his position. He states that the field notes written by the officers will "surely" corroborate his version of the events. He argues that the CAD reports "might" show that a particular officer arrived on the scene at a particular time. Def.'s Suppl. Mot. to Compel Disc. Material 3-4, ECF No. 18. Indeed, the requested information may, in fact, help Defendant prove his defense. On the other hand, it may also help the Government prove his guilt. Defendant does not carry his burden by simply taking the position that, because he was not driving dangerously, all of the requested information must, in fact, help exonerate him. He simply has not come forward with facts actually showing that the information requested will, not might, help him prove his defense. The issue is not whether the requested information will help Defendant *prepare* a defense; rather, it must help him *prove* his defense. In light of *Caro*, Defendant's reliance on *Marshall* thus is unavailing. Therefore, Defendant's motions to compel discovery material are **DENIED**.[2]

---

[2] In light of the Court's ruling, it need not address the issue of whether the requested information is within the possession, custody, or control of the Government.

## **CONCLUSION**

For the reasons stated above, Defendant's Motion to Compel Discovery Material (ECF No. 13) and Supplemental Motion to Compel Discovery Material (ECF No. 18) are **DENIED**.

Date: May 19, 2016                                         /s/
                                                                  Thomas M. DiGirolamo
                                                                  United States Magistrate Judge